NO. 8101                     STATE OF LOUISIANA

JULIAN M. SWOOP

VS                    COURT OF APPEAL

HERCULES COMPANY, LTD.       PARISH OF ORLEANS.

---------------

*Court of Appeal*
PARISH OF ORLEANS
FILED OCT 17/21
W.J Stansbury

62

OPINION.

By his Honor John St. Paul,

Defendant wanted eight certain cast iron wheels remade according to plans of its own, and at a time when labor and material were scarce because of the great war in which this nation was then engaged. Plaintiff thought the work would be unsatisfactory but defendant insisted.

Defendant then furnished a blue print according to which the work was to be done; on which it was written that the price should not exceed $25 per wheel. But the clerk to whom the order was given would not guarantee a price; whereupon defendant "suggested, or ordered, that one wheel be repaired, and then we would ascertain the cost and seexwhether to go on with the work."

Neither at that time, nor afterwards, did the defendant intimate that it was unwilling to have the work done on all eight wheels if the price did not exceed $25 per wheel; but on the contrary defendant then sent all eight wheels to plaintiff, who remade them and returned them to defendant; and the latter accepted them without protest and proceeded to use them as far as possible.

Six months afterwards, when plaintiff sought to collect his bill, defendant still made no complaint about the work,

"Except I remember saying that the bill was high, and I asked for the blue-print, which we never found, so that I could shew what I had written on it, and we could look at it together."

The cost of the work was $40.40 per wheel, and a bill was rendered for that amount; all due to the fact that plaintiff's clerk failed to report to his employer the price limit fixed by defendant. But as defendant had expressly stated its unwillingness to pay more than $25 per wheel, plaintiff can recover no more.

On the other hand, where one party does work for another, who accepts the product and uses it, equity would seem to require that the latter should pay at least the price fixed by himself, even though there was some misunderstanding about the amount of work to be done or the price to be paid for it. C C. C. 21, 1965. And accordingly, the contention that defendant owes for but one wheel, does not seem to us well founded.

The judgment appealed from is therefore amended by increasing the amount allowed plaintiff to $200.,- with interest etc; and as thus amended it is affirmed at defendants cost.

Amended and Affirmed.